IN THE UNITED STATES COURT OF FEDERAL CLAIMS
BID PROTEST

| | | |
|---|---|---|
| CHE CONSULTING, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 06-453<br>Judge Smith |
| THE UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

MOTION OF STORAGE TECHNOLOGY CORPORATION TO INTERVENE

Storage Technology Corporation ("StorageTek"), a subsidiary of Sun Microsystems, by counsel, respectfully seeks to intervene as a matter of right in the above-captioned case pursuant to RCFC 24(a)(2) or, in the alternative, moves for leave to intervene permissively pursuant to RCFC 24(b)(2).

StorageTek, as the original equipment manufacturer ("OEM") for a majority of the equipment at issue, has a direct and significant interest in the outcome of this litigation because CHE Consulting, Inc., ("CHE") is specifically protesting Request for Quotation ("RFQ") provisions requiring maintenance which, under the RFQ, is to be performed by the OEM, StorageTek. StorageTek is also an incumbent subcontractor currently performing the services at issue and will be an offeror under the protested solicitation. StorageTek was an intervenor in the GAO case which preceded this action and which this action effectively seeks to overturn.

Moreover, because StorageTek's interest is not adequately represented by the existing parties, the disposition of this action may as a practical matter impair or impede its ability to

protect that interest. Finally, intervention by StorageTek will not unduly delay or prejudice the adjudication of the rights of the original parties to this litigation.

The grounds in support of StorageTek's motion to intervene are more fully set forth in the accompanying Memorandum of Points and Authorities.

Respectfully submitted,

s/ John J. O'Brien

John J. O'Brien
COHEN MOHR, L.L.P.
1055 Thomas Jefferson St., N.W.
Suite 504
Washington, D.C. 20007
Tel: (202) 342-2550
Fax: (202) 342-6147

Attorney of Record for Storage Technology Corporation

Of Counsel:

David S. Cohen
COHEN MOHR, L.L.P.
1055 Thomas Jefferson St., N.W.
Suite 504
Washington, D.C. 20007
Tel: (202) 342-2550
Fax: (202) 342-6147

Dated: June 13, 2006

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
BID PROTEST

| | | |
|---|---|---|
| CHE CONSULTING, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 06-453<br>Judge Smith |
| THE UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
STORAGE TECHNOLOGY CORPORATION'S MOTION TO INTERVENE

Storage Technology Corporation ("StorageTek"), a subsidiary of Sun Microsystems, by counsel, submits this Memorandum of Points and Authorities in support of its Motion to Intervene. As will be demonstrated below, StorageTek's direct and significant interest in the procurement at issue, which is inadequately represented by the existing parties, entitles StorageTek to intervene as of right in this action. Alternatively, StorageTek's request for permissive intervention should be granted because StorageTek's defenses share common questions of fact and law with the principal action. Furthermore, StorageTek’s intervention in the litigation will not unduly delay or prejudice the adjudication of the rights of the original parties.

FACTS

StorageTek manufactures and services storage devices for the management and storage of digital information. StorageTek’s products and services are used by a wide variety of major corporations and government agencies, both international and domestic.

"DISA distributed the RFQ at issue on February 6, 2006, seeking quotations to provide services for a base year and one annual option period, as well as hourly rates for certain other services. RFQ at 6. The work to be performed under the RFQ involves maintaining 'over 1,100 pieces of [StorageTek] equipment.'" CHE Consulting, Inc., B-297534.4, May 17, 2006, 2006 CPD ¶ ____. "The RFQ terms challenged by the protester require each vendor to provide support from the original equipment manufacturer (i.e., StorageTek) when the contractor is unable to return equipment to service within 4 hours by the contractor's own efforts, and to include in each quotation information explaining how the vendor would engage StorageTek without government intervention." Id. "The requirement presents a problem for CHE, however, primarily because CHE does not have such an agreement and is either unable or unwilling to obtain one." Id. At the GAO CHE challenged the above referenced RFQ provisions as overstating the agency's needs and StorageTek understands CHE is making similar allegations in this proceeding.

## ARGUMENT

### A. StorageTek Is Entitled To Intervene As Of Right Because Its Interest In The Litigation Is Not Adequately Represented By Existing Parties

Court of Federal Claims Rule 24 authorizes intervention of right where the applicant has an interest relating to the subject of the action and is so situated that disposition of the action may impair or impede its ability to protect that interest. RCFC 24(a). Such intervention is mandated where an applicant's interests are not adequately represented by existing parties to the litigation. The applicant for intervention as of right has the minimal burden of demonstrating that representation of its interests by existing parties is inadequate. See e.g., United States Postal Serv. v. Brennan, 579 F.2d 188, 191

(2d Cir. 1978), quoting Trbovich v. United Mine Workers, 404 U.S. 528, 538 n. 10, 92 S. Ct. 630, 636 n. 10, 30 L.Ed.2d 686 (1972). In the federal courts, standards for intervention are applied liberally in favor of permitting intervention as of right. See Nuesse v. Camp, 385 F.2d 694 (D.C. Cir. 1967) (applying corresponding Fed.R.Civ.P. 24).[1]

This Court, in a decision handed down only a few days ago, reiterated the law with regard to intervening in bid protest cases and stated "[t]he United States Court of Appeals for the Federal Circuit has held that 'the requirements for intervention are to be construed in favor of intervention.'" Comprehensive Health Services, Inc. v. United States, ____Fed. Cl. ___ (Fed. Cl. May 31, 2006) (2006 WL 1495000) citing Am. Mar. Transp., Inc. v. United States, 870 F.2d 1559, 1561 (Fed.Cir.1989) (citing Westlands Water Dist. v. United States, 700 F.2d 561, 563 (9th Cir.1983)).

Rule 24(a) of the United States Court of Federal Claims, provides:

> Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an ***interest relating to the property or transaction which is the subject of the action*** and the applicant is so situated that the ***disposition of the action may*** as a practical matter ***impair or impede the applicant's ability to protect that interest***, unless the applicant's interest is adequately represented by existing parties.

Rule 24(a) (emphasis added).

Clearly, StorageTek, as the OEM, has a direct and significant economic interest in the procurement being contested in this litigation because the protestor is specifically challenging the provision of the RFQ that requires the OEM perform repair work in certain situations. CHE seeks to have the RFQ's provisions changed to eliminate the

[1] Fed.R.Civ.P 24 is very similar to RCFC 24.

requirement for OEM support. Simply stated, CHE can only prevail at StorageTek's direct expense.

Moreover, the interests of StorageTek and the Government do not completely coincide. As a result, there is a likelihood that StorageTek's interest may not be adequately protected by the Government.

It is well established that an applicant for intervention may show inadequate representation by the Government even though the Government and the proposed intervenor initially seek the same outcome in the litigation. When the party that would be expected to represent the intervenor's interests is a government body or officer, there is no presumption that this representation will be adequate, unless the body or officer is charged by law with representing the interests of the intervenor. Natural Resources Defense Council v. E.P.A., 99 F.R.D. 607, 610 n. 5 (D.D.C. 1983); see also Dimond v. District of Columbia, 792 F.2d 179, 192 (D.C. Cir. 1986).

The case of Holmes v. Government of Virgin Islands, 61 F.R.D. 3 (D.V.I. 1973), presented a situation analogous to that of the instant case. In Holmes, both the Government defendant and the applicant to intervene sought a determination that a challenged law was valid, or, at least that the injunction sought would be improper. The court, in granting the motion to intervene, observed that:

> The interest of the intervenor is best characterized as similar, but not identical to that of the Government. The Government is probably anxious to see the statute in question upheld so that the project can go forward. But it is not impossible to imagine that, as the litigation develops, the Government might conclude that a new statute passed under unquestionable circumstances might better serve their interest. Or, they might conclude that a change in the original plans was warranted and, therefore, the statute need not be vigorously defended. [The applicant for intervention], on the other hand, has a large, immediate financial interest to protect. . . .

> Finally, I think it is useful to refer to the view expressed by some commentators that the applicant is the best judge of when representation is adequate and, therefore, that intervention should always be allowed when he is willing to bear the cost of separate representation.

Id. at 4-5 (citations omitted). Accord Nuesse v. Camp, 385 F.2d 694 (D.C. Cir. 1967); Mille Lacs Band of Chippewa Indians v. State of Minnesota, 989 F.2d 994, 1001 (8th Cir. 1993).

Because the Government is not legally required to defend the provisions of the RFQ requiring OEM support, it is possible that the Government and StorageTek may not consistently share similar goals or strategies concerning the defense of the award. If StorageTek is denied the opportunity to intervene, its unique interest may be unrepresented before this Court.

B. StorageTek Should Be Permitted To Intervene Permissively Because Its Defense Shares Common Questions Of Fact and Law With The Principal Action

If it is determined that StorageTek is not entitled to intervention of right, this Court should exercise its discretion and permit StorageTek to intervene permissively in the litigation. Permissive intervention is appropriate where an applicant's claims or defenses share a common question of law or fact with the main action, and the intervention would not unduly delay the action or prejudice the rights of existing parties. RCFC 24(b)(2). The Court must also consider whether the intervenor will significantly contribute to a full development of the underlying factual issues and to a just and equitable adjudication of the legal question presented. See Olympus Corp. v. United States, 627 F. Supp. 911 (E.D.N.Y. 1985) aff'd, 792 F.2d 315 (2d Cir. 1986).

The prerequisites for permissive intervention are met in this case. StorageTek's defense of the RFQ provisions requiring OEM support clearly shares common issues of law and fact with the main action. Moreover, because this case involves the reasonableness of requirements for OEM support to be provided by StorageTek, StorageTek's participation will contribute to the full development of the underlying factual and legal issues. For example, in the GAO proceedings, protestor made the allegation that the specification in question essentially turned the procurement into a "sole source" procurement. StorageTek, as the OEM, was able to present evidence regarding offerors, other than CHE, which had already sought and obtained agreements for OEM support to meet the requirements of the solicitation, thus refuting CHE's "sole source" argument. This evidence contributed to the full development of the underlying factual and legal issues and would not have been as readily available had StorageTek not been permitted to intervene.

Finally, StorageTek's Motion to Intervene has been timely made and its participation will not hinder the speedy resolution of this matter. StorageTek understands that CHE's motion based on the administrative record will be filed on July 6 and responsive pleadings will be filed on July 20. StorageTek can comply with the schedule already established by the Court without any delay being required. In fact, allowing StorageTek to intervene binds StorageTek to the decisions of this Court, thereby permitting a more expedient and complete resolution of the dispute. Abel Converting, Inc. v. United States, 679 F.Supp. 1133, 1136 (D.D.C. 1988). Accordingly, StorageTek should be granted leave to intervene permissively in this action.

## CONCLUSION

For the foregoing reasons, StorageTek's Motion to Intervene in this action should be granted.

Respectfully submitted,

s/ John J. O'Brien

John J. O'Brien
COHEN MOHR, L.L.P.
1055 Thomas Jefferson St., N.W.
Suite 504
Washington, D.C. 20007
Tel: (202) 342-2550
Fax: (202) 342-6147

Attorney of Record for Storage Technology Corporation

Of Counsel:

David S. Cohen
COHEN MOHR, L.L.P.
1055 Thomas Jefferson St., N.W.
Suite 504
Washington, D.C. 20007
Tel: (202) 342-2550
Fax: (202) 342-6147

Dated: June 13, 2006

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
BID PROTEST

| | | |
|---|---|---|
| CHE CONSULTING, INC., | ) | |
| Plaintiff, | ) | Civil Action No. 06-453 |
| v. | ) | Judge Smith |
| THE UNITED STATES OF AMERICA | ) | |
| Defendant. | ) | |

ORDER

THIS MATTER having come before this Court on Storage Technology Corporation's Motion to Intervene pursuant to Rule 24 of the Rules of the U.S. Court of Federal Claims. This Court having considered the Motion, the Memorandum of Points and Authorities in support thereof, and the entire record herein, and it appearing that the motion should be granted, it is hereby

ORDERED, that the Motion to Intervene by Storage Technology Corporation be, and hereby is, GRANTED.

ENTERED this _____ day of __________________, 2006.

______________________________
Judge Loren A. Smith