# In the United States Court of Federal Claims

FOR PUBLICATION
Case No. 06-453C
Filed: June 28, 2006

| | | |
|---|---|---|
| **CHE CONSULTING, INC.,** | | |
| *Plaintiff,* | | Motion to Intervene; RCFC 2(a)(2); RCFC2(b)(2);31U.S.C.§ 3551(2)(A)(2002) |
| **THE UNITED STATES,** | | |
| *Defendant.* | | |

## ORDER

In this bid protest case, Storage Technology Corporation ("StorageTek") seeks to intervene as a matter of right pursuant to RCFC 24(a)(2). In the alternative, StorageTek moves for leave to intervene permissively pursuant to RCFC 24(b)(2). Plaintiff opposes this motion for two reasons: (1) StorageTek's interest is strictly economic, and (2) StorageTek's interest is not sufficiently direct and immediate.[1] After oral argument and careful consideration, the Court hereby **GRANTS** StorageTek's Motion to Intervene pursuant to RCFC 24(b)(2). The decision is grounded in RCFC 24(b)(2) due to the fact that the Court believes it is important to have StorageTek involved in this litigation even though generally economic interest is not enough. However, in a bid protest case economic interest is generally why the case is before the Court and all the bidders interests are clearly related.

Plaintiff, CHE Consulting, Inc. ("CHE"), is protesting Request for Quotation ("RFQ") provisions requiring maintenance that under the RFQ must be performed by the original equipment manufacturer ("OEM"). StorageTek is the OEM for a majority of the equipment at issue, is an incumbent subcontractor currently performing the services at issue, and will be an offeror under the protested solicitation. StorageTek, therefore, seeks to intervene in this protest action.

It should be noted that in deciding issues relating to intervention it has been held that the "requirements for intervention are to be construed in favor of intervention." *Cherokee Nation*

[1] The Government has not filed any briefs regarding this issue. At oral argument, the Government voiced that it does not object to the intervention.

*of Okla. v. United States,* 69 Fed. Cl. 148, 152 (2005) *citing Am. Mar. Transp., Inc. v. United States*, 870 F.2d 1559, 1561 (Fed. Cir. 1989) . Further, under RCFC 24, intervention is authorized where the applicant has an interest relating to the subject of the action and is so situated that disposition of the action may impair or impede its ability to protect that interest. RCFC 24. Such intervention of right is mandated when the applicant's interests are not adequately represented by the existing parties to the litigation. *Id.* StorageTek asserts that its interests and the Government's interests do not completely coincide. As a result, StorageTek argues that there is a likelihood that its interests may not be adequately protected by the Government. The Court agrees. The issue before the Court has a direct affect on StorageTek. StorageTek's approach to the underlying substance of the contract may not be adequately articulated by the Government, making intervention appropriate.

Furthermore, in bid protest cases, this Court's jurisdiction is based on having "a direct economic interest." Under the Administrative Disputes Resolution Act of 1996 ("ADRA"), standing is limited to parties "whose direct economic interest would be affected by the award of the contract or by failure to award the contract." *Myers Investigative & Sec. Serv., Inc. v. United States*, 275 F.3d 1366, 1370 (Fed. Cir. 2002); 31 U.S.C. § 3551(2)(A)(2002). Under ADRA, interested parties have been granted a legally protected interest in solicitations and contract awards. "Interested party" has been defined in bid protest cases as one whose "direct economic interest" is affected. *Banknote Corp. of Am. Inc. v. United States,* 365 F.3d 1345, 1351-52 (Fed. Cir. 2004); 31 U.S.C. § 3551(2)(A)(2002). Here, StorageTek is an interested party and has a legally protected interest in this solicitation as well as a direct and immediate interest. The RFQ terms challenged by CHE require each contractor to provide support from the original OEM when the contractor is unable to return equipment to service within four hours by the contractor's own efforts. CHE is seeking to eliminate this provision. If CHE prevails, the contract provisions, which directly benefit StorageTek, will be removed. Therefore, the Court finds that StorageTek is an interested party as well as having a direct and immediate interest. This is also consistent with government procurement competition policy which seeks to discourage unique specifications that tend to limit competition.

Thus, for the reasons set forth above, the Court **GRANTS** StorageTek's Motion to Intervene in this matter. The caption shall be amended to add Storage Technology, Inc. as Intervenor.

**It is so ORDERED**.

s/ Loren A. Smith
LOREN A. SMITH,
SENIOR JUDGE