## C. CONTRACT CLAUSES

### C.1 CONTRACT TERMS AND CONDITIONS-COMMERCIAL ITEMS (FAR 52.212-4) (SEP 2005) (TAILORED) (DEVIATION – MAY 2003)

(a) **Inspection/Acceptance**. The Contractor shall only tender for acceptance those items that conform to the requirements of this contract. The ordering activity reserves the right to inspect or test any supplies or services that have been tendered for acceptance. The ordering activity may require repair or replacement of nonconforming supplies or reperformance of nonconforming services at no increase in contract price. The ordering activity must exercise its post acceptance rights (1) within a reasonable time after the defect was discovered or should have been discovered; and (2) before any substantial change occurs in the condition of the item, unless the change is due to the defect in the item.

(b) **Assignment**. The Contractor or its assignee may assign its rights to receive payment due as a result of performance of this contract to a bank, trust company, or other financing institution, including any Federal lending agency in accordance with the Assignment of Claims Act (31 U.S.C. 3727). However, when a third party makes payment (e.g., use of the credit card), the Contractor may not assign its rights to receive payment under this contract.

(c) **Changes**. Changes in the terms and conditions of this contract may be made only by written agreement of the parties.

(d) **Disputes**. This contract is subject to the Contract Disputes Act of 1978, as amended (41 U.S.C. 601-613). Failure of the parties to this contract to reach agreement on any request for equitable adjustment, claim, appeal or action arising under or relating to this contract shall be a dispute to be resolved in accordance with the clause at FAR 52.233-1, Disputes, which is incorporated herein by reference. The Contractor shall proceed diligently with performance of this contract, pending final resolution of any dispute arising under the contract.

(e) **Definitions**. The clause at FAR 52.202-1, Definitions, is incorporated herein by reference.

(f) **Excusable delays**. The Contractor shall be liable for default unless nonperformance is caused by an occurrence beyond the reasonable control of the Contractor and without its fault or negligence such as, acts of God or the public enemy, acts of the ordering activity in either its sovereign or contractual capacity, fires, floods, epidemics, quarantine restrictions, strikes, unusually severe weather, and delays of common carriers. The Contractor shall notify the Contracting Officer in writing as soon as it is reasonably possible after the commencement of any excusable delay, setting forth the full particulars in connection therewith, shall remedy such occurrence with all reasonable dispatch, and shall promptly give written notice to the Contracting Officer of the cessation of such occurrence.

(g) (1) **Invoice**. The Contractor shall submit an original invoice and three copies (or electronic invoice, if authorized,) to the address designated in the contract to receive invoices. An invoice must include-

(i) Name and address of the Contractor;
(ii) Invoice date and number;
(iii) Contract number, contract line item number and, if applicable, the order number;
(iv) Description, quantity, unit of measure, unit price and extended price of the items delivered;
(v) Shipping number and date of shipment including the bill of lading number and weight of shipment if shipped on Government bill of lading;
(vi) Terms of any discount for prompt payment offered;
(vii) Name and address of official to whom payment is to be sent;
(viii) Name, title, and phone number of person to be notified in event of defective invoice; and

# THIS IS THE FULL TEXT OF CLAUSES INCORPORATED BY REFERENCE IN SOLICITATION NO. FCIS-JB-980001-B AND SHOULD NOT BE RETURNED WITH THE SOLICITATION RESPONSE.

The following is a list of full text Federal Acquisition Regulation (FAR) and General Services Administration Regulation (GSAR) clauses that are incorporated by reference in Solicitation Number FCIS-JB-980001-B, Federal Supply Schedule for General Purpose Information Technology Equipment, Software, and Services FSC Group 70. The full text clauses are for Offeror information only.

## TABLE OF CONTENTS


FULL TEXT OF FAR CLAUSES INCORPORATED BY REFERENCE .......... 4

52.202-1 DEFINITIONS (JUL 2004) .......... 4
52.203-3 GRATUITIES (APR 1984) .......... 4
52.203-6 RESTRICTIONS ON SUBCONTRACTOR SALES TO THE GOVERNMENT (JUL 1995) (ALTERNATE I—OCT 1995) .......... 5
52.204-4 PRINTED OR COPIED DOUBLE-SIDED ON RECYCLED PAPER (AUG 2000) .......... 5
52.209-6 PROTECTING THE GOVERNMENT'S INTEREST WHEN SUBCONTRACTING WITH CONTRACTORS DEBARRED, SUSPENDED, OR PROPOSED FOR DEBARMENT (JAN 2005) .......... 6
52.212-1 INSTRUCTIONS TO OFFERORS—COMMERCIAL ITEMS (JAN 2006) .......... 6
52.214-34 SUBMISSION OF OFFERS IN THE ENGLISH LANGUAGE (APR 1991) .......... 10
52.214-35 SUBMISSION OF OFFERS IN U.S. CURRENCY (APR 1991) .......... 10
52.219-9 SMALL BUSINESS SUBCONTRACTING PLAN (JUL 2005) .......... 12
52.219-14 LIMITATIONS ON SUBCONTRACTING (DEC 1996) .......... 17
52.219-16 LIQUIDATED DAMAGES—SUBCONTRACTING PLAN (JAN 1999) .......... 17
52.222-1 NOTICE TO THE GOVERNMENT OF LABOR DISPUTES (FEB 1997) .......... 18
52.222-3 CONVICT LABOR (JUN 2003) .......... 18
52.222-6 DAVIS-BACON ACT. (FEB 1995) .......... 19
52.222-21 PROHIBITION OF SEGREGATED FACILITIES (FEB 1999) .......... 20
52.222-26 EQUAL OPPORTUNITY (APR 2002) .......... 21
52.222-35 EQUAL OPPORTUNITY FOR SPECIAL DISABLED VETERANS, VETERANS OF THE VIETNAM ERA, AND OTHER ELIGIBLE VETERANS (DEC 2001) .......... 22
52.222-36 AFFIRMATIVE ACTION FOR WORKERS WITH DISABILITIES (JUN 1998) .......... 25
52.222-37 EMPLOYMENT REPORTS ON SPECIAL DISABLED VETERANS, VETERANS OF THE VIETNAM ERA, AND OTHER ELIGIBLE VETERANS (DEC 2001) .......... 27
52.222-46 EVALUATION OF COMPENSATION FOR PROFESSIONAL EMPLOYEES (FEB 1993) .......... 28
52.224-1 PRIVACY ACT NOTIFICATION (APR 1984) .......... 28

52.224-2 PRIVACY ACT (APR 1984) ............ 28
52.225-13 RESTRICTIONS ON CERTAIN FOREIGN PURCHASES (FEB 2006) ............ 29
52.227-14 RIGHTS IN DATA--GENERAL (JUN 1987) (DEVIATION – MAY 2003) ............ 29
*Alternate I (Jun 1987).* ............ *33*
*Alternate II (Jun 1987). (DEVIATION – MAY 2003)* ............ *33*
*Alternate III (Jun 1987). (DEVIATION – MAY 2003)* ............ *34*
*Alternate IV (Jun 1987). (DEVIATION – MAY 2003)* ............ *35*
*Alternate V (Jun 1987).* ............ *35*
52.229-1 STATE AND LOCAL TAXES (APR 1984) (DEVIATION – MAY 2003) ............ 36
52.229-3 FEDERAL, STATE, AND LOCAL TAXES (APR 2003) (DEVIATION – MAY 2003) ............ 36
52.229-5 TAXES—CONTRACTS PERFORMED IN U.S. POSSESSIONS OR PUERTO RICO (APR 1984) ............ 37
52.232-7 PAYMENTS UNDER TIME-AND-MATERIAL AND LABOR-HOUR CONTRACTS (AUG 2005) (ALTERNATE II – FEB 2002) (DEVIATION – MAY 2003) ............ 37
52.232-17 INTEREST (JUN 1996) (DEVIATION – MAY 2003) ............ 40
52.232-19 AVAILABILITY OF FUNDS FOR THE NEXT FISCAL YEAR (APR 1984) (DEVIATION – MAY 2003) ............ 41
52.232-33 PAYMENT BY ELECTRONIC FUNDS TRANSFER—CENTRAL CONTRACTOR REGISTRATION (OCT 2003) ............ 41
52.232-34 PAYMENT BY ELECTRONIC FUNDS TRANSFER -- OTHER THAN CENTRAL CONTRACTOR REGISTRATION (MAY 1999) ............ 45
52.232-36 PAYMENT BY THIRD PARTY (MAY 1999) (DEVIATION – MAY 2003) ............ 46
52.232-37 MULTIPLE PAYMENT ARRANGEMENTS (MAY 1999) ............ 45
52.233-1 DISPUTES (JUL 2002) ............ 45
52.233-3 PROTEST AFTER AWARD (AUG 1996) ............ 47
52.237-1 SITE VISIT (APR 1984) ............ 47
52.237-2 PROTECTION OF GOVERNMENT BUILDINGS, EQUIPMENT, AND VEGETATION (APR 1984) (DEVIATION – MAY 2003) ............ 48
52.237-3 CONTINUITY OF SERVICES (JAN 1991) (DEVIATION – MAY 2003) ............ 48
52.239-1 PRIVACY OR SECURITY SAFEGUARDS (AUG 1996) (DEVIATION – MAY 2003) ............ 48
52.242-13 BANKRUPTCY (JUL 1995) (DEVIATION – MAY 2003) ............ 49
52.242-15 STOP-WORK ORDER (AUG 1989) ............ 50
52.246-4 INSPECTION OF SERVICES--FIXED-PRICE (AUG 1996) (DEVIATION – MAY 2003) ............ 491
52.246-6 INSPECTION--TIME-AND-MATERIAL AND LABOR-HOUR (MAY 2001) (DEVIATION – MAY 2003) ............ 50
*Alternate I (Apr 1984). (DEVIATION – MAY 2003)* ............ *52*
52.247-34 F.O.B. DESTINATION (NOV 1991) (DEVIATION – MAY 2003) ............ 52
52.247-38 F.O.B. INLAND CARRIER, POINT OF EXPORTATION (FEB 2006) (DEVIATION – MAY 2003) ............ 53
52.247-39 F.O.B. INLAND POINT, COUNTRY OF IMPORTATION (APR 1984) ............ 55
52.247-64 PREFERENCE FOR PRIVATELY OWNED U.S.-FLAG COMMERCIAL VESSELS (FEB 2006) (ALTERNATE I – APR 2003) ............ 53

**FULL TEXT OF GSAR CLAUSES INCORPORATED BY REFERENCE** ........ 56

552.203-71 RESTRICTION ON ADVERTISING (SEP 1999) ........ 56
552.211-75 PRESERVATION, PACKAGING, AND PACKING (FEB 1996) (ALTERNATE I – MAY 2003) ........ 56
552.211-77 PACKING LIST (FEB 1996) (ALTERNATE I – MAY 2003) ........ 56
552.215-72 PRICE ADJUSTMENT—FAILURE TO PROVIDE ACCURATE INFORMATION (AUG 1997) ........ 56
552.219-71 NOTICE TO OFFERORS OF SUBCONTRACTING PLAN REQUIREMENTS (JUN 2005) ........ 57
552.228-70 WORKERS' COMPENSATION LAWS (SEP 1999) ........ 57
552.229-71 FEDERAL EXCISE TAX—DC GOVERNMENT (SEP 1999) ........ 57
552.232-8 DISCOUNTS FOR PROMPT PAYMENT (APR 1989) (DEVIATION FAR 52.232-8) (ALTERNATE I – MAY 2003) ........ 57
552.232-78 PAYMENT INFORMATION (JUL 2000) ........ 58
552.238-70 IDENTIFICATION OF ELECTRONIC OFFICE EQUIPMENT PROVIDING ACCESSIBILITY FOR THE HANDICAPPED (SEP 1991) ........ 58

(5) The Contractor's account number and the type of account (checking, saving, or lockbox).

(6) If applicable, the Fedwire Transfer System telegraphic abbreviation of the Contractor's financial agent.

(7) If applicable, the Contractor shall also provide the name, address, telegraphic abbreviation, and 9-digit Routing Transit Number of the correspondent financial institution receiving the wire transfer payment if the Contractor's financial agent is not directly on-line to the Fedwire Transfer System; and, therefore, not the receiver of the wire transfer payment.

## 52.232-36 PAYMENT BY THIRD PARTY (MAY 1999) (DEVIATION – MAY 2003)

(a) General. The Contractor agrees to accept payments due under this contract, through payment by a third party in lieu of payment directly from the ordering activity, in accordance with the terms of this clause. The third party and, if applicable, the particular credit card to be used are identified elsewhere in this contract.

(b) Contractor payment request. In accordance with those clauses of this contract that authorize the Contractor to submit invoices, contract financing requests, other payment requests, or as provided in other clauses providing for payment to the Contractor, the Contractor shall make such payment requests through a charge to the ordering activity account with the third party, at the time and for the amount due in accordance with the terms of this contract.

(c) Payment. The Contractor and the third party shall agree that payments due under this contract shall be made upon submittal of payment requests to the third party in accordance with the terms and conditions of an agreement between the Contractor, the Contractor's financial agent (if any), and the third party and its agents (if any). No payment shall be due the Contractor until such agreement is made. Payments made or due by the third party under this clause are not payments made by the ordering activity and are not subject to the Prompt Payment Act or any implementation thereof in this contract.

(d) Documentation. Documentation of each charge against the ordering activities' account shall be provided to the Contracting Officer upon request.

(e) Assignment of claims. Notwithstanding any other provision of this contract, if any payment is made under this clause, then no payment under this contract shall be assigned under the provisions of the assignment of claims terms of this contract or the Assignment of Claims Act of 1940, as amended, 31 U.S.C. 3727, 41 U.S.C. 15.

(f) Other payment terms. The other payment terms of this contract shall govern the content and submission of payment requests. If any clause requires information or documents in or with the payment request, that is not provided in the third party agreement referenced in paragraph (c) of this clause, the Contractor shall obtain instructions from the Contracting Officer before submitting such a payment request.

## 52.232-37 MULTIPLE PAYMENT ARRANGEMENTS (MAY 1999)

This contract or agreement provides for payments to the Contractor through several alternative methods. The applicability of specific methods of payment and the designation of the payment office(s) are either stated—

(a) Elsewhere in this contract or agreement; or

(b) In individual orders placed under this contract or agreement.

## 52.233-1 DISPUTES (JUL 2002)

(a) This contract is subject to the Contract Disputes Act of 1978, as amended (41 U.S.C. 601-613).

(b) Except as provided in the Act, all disputes arising under or relating to this contract shall be resolved under this clause.

(c) "Claim," as used in this clause, means a written demand or written assertion by one of the contracting parties seeking, as a matter of right, the payment of money in a sum certain, the adjustment or interpretation of contract terms, or other relief arising under or relating to this contract. However, a written demand or written assertion by the Contractor seeking the payment of money exceeding $100,000 is not a claim under the Act until certified. A voucher, invoice, or other routine request for payment that is not in dispute when submitted is not a claim under the Act. The submission may be converted to a claim under the Act, by complying with the submission and certification requirements of this clause, if it is disputed either as to liability or amount or is not acted upon in a reasonable time.

(d) (1) A claim by the Contractor shall be made in writing and, unless otherwise stated in this contract, submitted within 6 years after accrual of the claim to the Contracting Officer for a written decision. A claim by the Government against the Contractor shall be subject to a written decision by the Contracting Officer.

(2) (i) The Contractor shall provide the certification specified in paragraph (d)(2)(iii) of this clause when submitting any claim exceeding $100,000.

(ii) The certification requirement does not apply to issues in controversy that have not been submitted as all or part of a claim.

(iii) The certification shall state as follows: "I certify that the claim is made in good faith; that the supporting data are accurate and complete to the best of my knowledge and belief; that the amount requested accurately reflects the contract adjustment for which the Contractor believes the Government is liable; and that I am duly authorized to certify the claim on behalf of the Contractor."

(3) The certification may be executed by any person duly authorized to bind the Contractor with respect to the claim.

(e) For Contractor claims of $50,000 or less, the Contracting Officer must, if requested in writing by the Contractor, render a decision within 60 days of the request. For Contractor-certified claims over $50,000, the Contracting Officer must, within 60 days, decide the claim or notify the Contractor of the date by which the decision will be made.

(f) The Contracting Officer's decision shall be final unless the Contractor appeals or files a suit as provided in the Act.

(g) If the claim by the Contractor is submitted to the Contracting Officer or a claim by the Government is presented to the Contractor, the parties, by mutual consent, may agree to use alternative dispute resolution (ADR). If the Contractor refuses an offer for ADR, the Contractor shall inform the Contracting Officer, in writing, of the Contractor's specific reasons for rejecting the offer.

(h) The Government shall pay interest on the amount found due and unpaid from (1) the date that the Contracting Officer receives the claim (certified, if required); or (2) the date that payment otherwise would be due, if that date is later, until the date of payment. With regard to claims having defective certifications, as defined in FAR 33.201, interest shall be paid from the date that the Contracting Officer initially receives the claim. Simple interest on claims shall be paid at the rate, fixed by the Secretary of the Treasury as provided in the Act, which is applicable to the period during which the Contracting Officer receives the claim and then at the rate applicable for each 6-month period as fixed by the Treasury Secretary during the pendency of the claim.

(i) The Contractor shall proceed diligently with performance of this contract, pending final resolution of any request for relief, claim, appeal, or action arising under the contract, and comply with any decision of the Contracting Officer.

## 52.233-3 PROTEST AFTER AWARD (AUG 1996)

(a) Upon receipt of a notice of protest (as defined in FAR 33.101) or a determination that a protest is likely (see FAR 33.102(d)), the Contracting Officer may, by written order to the Contractor, direct the Contractor to stop performance of the work called for by this contract. The order shall be specifically identified as a stop-work order issued under this clause. Upon receipt of the order, the Contractor shall immediately comply with its terms and take all reasonable steps to minimize the incurrence of costs allocable to the work covered by the order during the period of work stoppage. Upon receipt of the final decision in the protest, the Contracting Officer shall either—

(1) Cancel the stop-work order; or

(2) Terminate the work covered by the order as provided in the Default, or the Termination for Convenience of the Government, clause of this contract.

(b) If a stop-work order issued under this clause is canceled either before or after a final decision in the protest, the Contractor shall resume work. The Contracting Officer shall make an equitable adjustment in the delivery schedule or contract price, or both, and the contract shall be modified, in writing, accordingly, if—

(1) The stop-work order results in an increase in the time required for, or in the Contractor's cost properly allocable to, the performance of any part of this contract; and

(2) The Contractor asserts its right to an adjustment within 30 days after the end of the period of work stoppage; provided, that if the Contracting Officer decides the facts justify the action, the Contracting Officer may receive and act upon the request at any time before final payment under this contract.

(c) If a stop-work order is not canceled and the work covered by the order is terminated for the convenience of the Government, the Contracting Officer shall allow reasonable costs resulting from the stop-work order in arriving at the termination settlement.

(d) If a stop-work order is not canceled and the work covered by the order is terminated for default, the Contracting Officer shall allow, by equitable adjustment or otherwise, reasonable costs resulting from the stop-work order.

(e) The Government's rights to terminate this contract at anytime are not affected by action taken under this clause.

(f) If, as the result of the Contractor's intentional or negligent misstatement, misrepresentation, or miscertification, a protest related to this contract is sustained, and the Government pays costs, as provided in FAR 33.102(b)(2), or 33.104(h)(1), the Government may require the Contractor to reimburse the Government the amount of such costs. In addition to any other remedy available, and pursuant to the requirements of Subpart 32.6, the Government may collect this debt by offsetting the amount against any payment due the Contractor under any contract between the Contractor and the Government.

## 52.237-1 SITE VISIT (APR 1984)

Offerors or quoters are urged and expected to inspect the site where services are to be performed and to satisfy themselves regarding all general and local conditions that may affect the cost of contract performance, to the extent