# Exhibit B

(Note: Because the entire document exceeds the Court's ECF size limitation of 2 megabytes only the pages cited by Intervenor in its brief are included in this exhibit. Intervenor will be happy to provide the entire document if the Court or any party so requests.)

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| **STORAGE TECHNOLOGY CORPORATION,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**CUSTOM HARDWARE ENGINEERING & CONSULTING, INC., et al.,**<br><br>**Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **Case No. 02-12102RWZ** |

**DEFENDANT CHE'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO STK'S THIRD AMENDED COMPLAINT**

This is Custom Hardware Engineering & Consulting, Inc.'s ("CHE") answer, affirmative defenses, and counterclaims to Storage Technology Corporation's ("STK") Third Amended Complaint.[1] If an averment is not specifically admitted, it is hereby denied.

1. CHE admits that STK generates hundreds of millions of dollars per year from customers by maintaining their systems. CHE denies the remaining averments of paragraph 1 of the Third Amended Complaint.

2. CHE denies the averments of paragraph 2 of the Third Amended Complaint.

3. CHE denies the averments of paragraph 3 of the Third Amended Complaint.

4. CHE denies the averments of paragraph 4 of the Third Amended Complaint.

5. CHE denies the averments of paragraph 5 of the Third Amended Complaint.

6. CHE denies the averments of paragraph 6 of the Third Amended Complaint.

[1] Defendant CHE and Defendant York have moved to dismiss prior versions of STK's complaint based upon personal jurisdiction, improper venue, and federal preemption and for a more definite statement. Defendants also moved for a transfer of venue pursuant to 28 U.S.C. § 1404(a). The

30. STK is the sole source for nearly all new parts and all microcode for STK Silo Systems. Because of the restraints imposed by STK on the sale of parts, used STK Silo Systems are particularly critical as a source of supply parts. There are a limited number of sources for used STK Silo System parts. As a practical matter all STK Silo Systems maintenance and repair providers will occasionally require critical parts on an emergency basis. When possible, CHE stocks inventories of parts to be used as spares for maintaining Customers' equipment. Because of STK's monopoly of the parts market, it is often difficult to obtain parts when needed.

31. STK has market and monopoly power with respect to certain STK documentation, including engineering change subscriptions, and other documentation. Some STK documentation is essential to maintain STK Silo Systems.

32. STK routinely releases revised and/or upgraded versions of the microcode for STK Silo Systems, also known as Engineering Changes. These microcode upgrades may correct defects in previous versions of microcode or may implement new STK Silo System functionality such as enhanced communication with upgraded host mainframe computers or other features.

33. Prior to about mid-2001 or early 2002, through STK authorized resellers, CHE was able to purchase STK parts and microcode that CHE needed to provide maintenance and repair services for STK Silo Systems from authorized STK resellers.

34. STK parts and microcode were sold through authorized STK resellers based on published price lists.

35. On information and belief, emergency orders for parts were accepted from CHE and others that wished to purchase parts. Parts ordered on an emergency basis were shipped within hours of the order and parts ordered on a non-emergency basis would typically be shipped within two weeks of the order.

36. STK controls its authorized resellers and has the power to prohibit the resellers from selling parts and microcode for STK Silo Systems.

37. As the sole manufacturer and holder of numerous alleged proprietary rights in STK Silo System parts, microcode (which STK claims can be separated into "functional" and "diagnostic" or "maintenance" microcode), engineering changes, and documentation, STK controls nearly, if not entirely, 100% of original product sales.

38. STK, or resellers authorized and controlled by STK, are the only sources for: new STK Silo System parts, microcode, engineering changes and certain documentation necessary to operate and/or maintain STK Silo Systems.

***STK'S SILO SYSTEMS AND MICROCODE***

39. STK claims that its STK Silo System microcode contains "functional" and "diagnostic" portions. STK uses "diagnostic" and "maintenance" interchangeably in this litigation.

40. The "functional" and "maintenance" portions of the microcode for STK's Silo Systems, including its 4400 and 9300 families of STK Silo Systems were intertwined by STK in a single unitary program.

41. STK claims it cannot readily identify those portions of the microcode that are "maintenance" and those portions that are "functional."

42. STK claims that in order to identify the "maintenance" portion of the microcode, it would take an STK software engineer over a year of full time work for each version of the code.

43. STK registered the microcode as a single unitary program with the Copyright Office.

**JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, CHE demands a trial by jury of all issues triable of right by a jury.

Respectfully Submitted,

By: [signature]

Anthony Mirenda (BBO # 550587)
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02210
(617) 832-1220
(617) 832-7000 (fax)

and

THOMPSON COBURN, LLP
Dean L. Franklin
One US Bank Plaza
St. Louis, Missouri 63101
314-552-6000
314-552-7000 (fax)

and

SIMON PASSANANTE, PC
Anthony G. Simon
701 Market Street, Suite 1150
St. Louis, MO 63101
314-241-2929
314-241-2029 (fax)

Attorneys for Defendant
CUSTOM HARDWARE ENGINEERING & CONSULTING, INC.