IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CHE CONSULTING, INC., | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | Case No. 06-453C |
| | ) | |
| THE UNITED STATES OF AMERICA, | ) | Judge Smith |
| | ) | |
| Defendant, | ) | |
| | ) | |
| STORAGE TECHNOLOGY CORPORATION | ) | |
| | ) | |
| Defendant-Intervenor. | ) | |

**PLAINTIFF'S MOTION TO RELEASE UNREDACTED VERSION OF THE JESUALE DECLARATION OR IN THE ALTERNATIVE TO STRIKE THE ENTIRE DECLARATION**

COMES NOW CHE Consulting, Inc. ("CHE") by and through its undersigned counsel, and respectfully requests that the Court allow the unredacted declaration of David Jesuale that was attached to the Intervenor's Motion for Judgment on the Administrative Record to be provided to CHE personnel for review and response. Alternatively, if the Court deems the redacted portions of the declaration to contain confidential information, then it should strike the entire declaration. In support of its Motion, CHE states:

1. Counsel for Storage Technology Corporation ("StorageTek") has provided a declaration of a Mr. David L. Jesuale to supplement its Motion for Judgment on the Administrative Record.

2. Within that declaration, Mr. Jesuale makes a number claims concerning CHE. See Jesuale Declaration, ¶¶ 3, 5 & 6.

3. Counsel for StorageTek, however, has redacted those paragraphs claiming that they contain proprietary customer information – despite the fact that the information contained in those paragraphs relates directly to CHE.

4. Thus, StorageTek is attempting to make charges against CHE, yet deny the Plaintiff the opportunity to review and therefore respond to such claims.

5. This is an entirely inappropriate use of the Protective Order and should not be countenanced by this Court.

6. If, however, the Court determines that this information is in fact protectable, then the declaration should be struck in its entirety. It is fundamentally unfair to allow a party to make charges against another, yet not allow the other party the opportunity to review such charges and respond accordingly.

7. Counsel for CHE has attempted to resolve this issue with counsel for StorageTek in hopes of avoiding court intervention. No resolution could be reached.

WHEREFORE, CHE respectfully requests that the full unredacted version of Mr. Jesuale's Declaration be made available to CHE personnel or to strike the declaration in its entirety.

Respectfully submitted,

THE KELLOGG LAW FIRM

By /s/ Steven E. Kellogg
Steven E. Kellogg
2129 W. Main Street
Belleville, IL 62226
(618) 234-1900
(618) 234-5594 FAX
skellogg@kellogglawfirm.com

Attorney for the Plaintiff

**Certificate of Service**

I hereby certify that on September 8, 2006, the foregoing was electronically filed and therefore served to all parties to this action.

/s/ Steven E. Kellogg
Steven E. Kellogg